IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER A. GROVER,

                       Plaintiff,

     v.

FORD MOTOR COMPANY,

                       Defendant.

OPINION AND ORDER

20-cv-1047-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Christopher A. Grover has filed suit against defendant Ford Motor Company, seeking damages for injuries he incurred in April 2011, when his 2005 Ford Mustang developed problems that caused it to veer off the road and hit a tree, resulting in injuries to plaintiff. Dkt. #1. Defendant has moved to dismiss the case under Fed. R. Civ. P. 12(b)(6), asserting that plaintiff's claims are barred by (1) Wisconsin's three-year statute of limitations for product liability personal injury actions, Wis. Stat. § 893.54(1m)(a), and (2) Wisconsin's statute of repose, Wis. Stat. § 895.047(5). Dkts. #15, 19. Also before the court is plaintiff's motion for assistance in recruiting counsel. Dkt. #21.

After reviewing plaintiff's claims and the parties' arguments, I find that plaintiff waited too long to proceed on a claim for damages resulting from his 2011 accident. Plaintiff's filings make it evident that he knew of his injury when it occurred and had a general understanding of its cause, as confirmed by the statements in his complaint. Dkt.

1

#1, p. 3. Even accepting plaintiff's argument that the time during which he was confined in a mental health institution should be excluded, he still would have had to file his lawsuit by May 2018 at the latest. He did not file this lawsuit seeking damages until November 2020. Accordingly, his suit must be dismissed and his request for assistance in recruiting counsel denied as unnecessary.

OPINION

In Wisconsin, a person suing for damages allegedly caused by a product that malfunctioned must bring a lawsuit against the manufacturer of the product within three years of the date on which the damage occurred. Wis. Stat. § 893.54(1)(m). Wenke v. Gehl Co., 682 N.W. 2d 405, 428 (Wis. 2004) (three-year period of limitations set out in Wis. Stat. § 893.54 applies to personal injury actions based on product liability). Plaintiff filed this product liability claim against defendant on November 18, 2020, alleging that in 2011, the 2005 Ford Mustang he was driving had malfunctioned, causing him serious injuries to his back, chest and head. Although there is some uncertainty about exactly when the accident occurred, for the purposes of this motion I accept as true plaintiff's allegation that it occurred early in April 2011. (Defendant says that the Sawyer County sheriff's office report shows a date of March 26, 2011.) Defendant has moved to dismiss the case, pointing out that the three-year period for filing such a suit expired long ago.

Plaintiff did not file this lawsuit until November 18, 2020, which was more than nine years after he suffered the damages he attributes to his malfunctioning car. This delay in

filing prevents him from proceeding with a suit for damages. It may be, as he contends, that the statute did not run during the time he was confined at the Mendota Mental Health Institute from April 8, 2013 to May 2, 2016. Even so, he waited too long to file his complaint. Two years of his filing time had run before he was confined at Mendota, but even after he was released from that facility, he did not file a claim for damages for another four and one-half years.

Plaintiff cannot claim to have lacked an objective basis on which to determine that defendant played a part in his injuries. He describes in his complaint the problems he encountered on the day of his accident: he was coming out of a turn in Sawyer County when his gas pedal stuck to the floor of his car and his car swerved across the intersection, hit a tree and the air bags failed to inflate. Neither does he contend that he lacked the necessary information for bringing a timely claim against defendant Ford or that if he did, he could not have obtained the information before the expiration of the three year period in which he could have sued. He knew immediately after the accident occurred that he had been injured, even if he did not know the exact extent of his injuries. His description of the accident makes it clear that he recognized that his car had malfunctioned. He also knew that he had been injured. This was sufficient for him to know he had a claim against the vehicle's manufacturer.

It was not necessary for plaintiff to have known the legal theory for his claim, that is, precisely what occurred to cause the accident. Moore v. Vagnini, 673 Fed. Appx. 584, 586 (7th Cir. 2017) (discovery takes place when a person discovers or should have discovered an

3

injury and the person responsible for it); see also Lewis v. Paul Revere Life Ins. Co., 80 F. Supp. 2d 978, 1005 (E.D. Wis. 2000)  (discovery of an injury takes place when "a potential plaintiff has information that would give a reasonable person notice of her injury and its cause").  Thus, the fact that Ford allegedly issued a recall of the 2005 Ford Mustang on May 14, 2015 is irrelevant.  In this case, plaintiff was well aware as of the date of his accident, that he was injured and that the cause was the Ford Mustang's malfunctioning, as he makes clear in his complaint.  Dkt. #1, p. 3.

Plaintiff then had three years from the date on which he knew of his injuries in which to file suit against defendant Ford Motor Company. Wis. Stat. § 893.54(1m)(a).  Before the full three years had run, however, he was confined at the Mendota Mental Health Institute for a little more than three years (from approximately April 8, 2013 until May 2, 2016), when the state court judge who had ordered plaintiff's transfer into that facility, vacated the commitment order after concluding he had been misled and had issued an improvident order at the outset.  Dkt. #22-3, at p. 4.

Given the indications that the commitment reflected the judge's initial belief that plaintiff was mentally ill and therefore likely to have been heavily medicated when he was confined at Mendota, it is reasonable not to count this period of confinement as any part of the three-year period in which plaintiff could have filed suit.  However, it is clear that the full three years for doing so had expired before he brought this suit in 2020, more than four years after he had been released from Mendota.  (It appears that plaintiff was imprisoned after his release from Mendota, but there is no indication that he was heavily medicated

4

when he went back to prison.)

Citing Wis. Stat. § 893.16, plaintiff argues that this court should find that he had five years after his release from Mendota, or until May 2, 2021, in which to file suit. That statute provides, in relevant part:

> (1) If a person entitled to bring an action is, at the time the cause of action accrues . . . mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.
>
> (2) Subsection (1) does not shorten a period of limitation otherwise prescribed.

Plaintiff suggests that his claim accrued on May 14, 2015, when Ford purportedly issued the recall, that it was tolled while he was in Mendota, and that he then had five years *after* his release from Mendota in which to file suit. However, plaintiff misunderstands how the statute operates. Under Wis. Stat. § 893.16, a limitations period may be extended for up to five years only if a person's mental disability does not cease. If a person's mental disability ceases, however, the action must be commenced within two years or within the ordinary limitations period, whichever is later. Walberg v. St. Francis Home, Inc., 2005 WI 64, ¶ 20, 281 Wis. 2d 99, 109, 697 N.W.2d 36, 41. Plaintiff does not suggest that his mental illness did not cease after his release from Mendota. Therefore, he would have had to commence his action within two years or within the ordinary three-year limitations period, whichever was longer. Two years after his release was May 2, 2018, so plaintiff had the longer period, or until May 14, 2018, to file suit (assuming for the sake of argument that

5

his claim accrued with the recall on May 14, 2015, which it did not). He did not file suit until November 2020, so the disability statute does not help him.

It is also clear that any claim by plaintiff that his 2005 Ford Mustang was defective is barred by Wisconsin's statute of repose, which bars a plaintiff from bringing a suit more than 15 years after the date on which the allegedly defective product was manufactured. Wis. Stat. § 895.047(5). The Mustang that plaintiff claims to be defective was manufactured more than 15 years before plaintiff filed suit. This is shown by the uncontested evidence submitted by defendant showing that the allegedly defective car, a 2005 Ford Mustang, VIN 1ZVFT80N755166731, was manufactured on February 11, 2005, and sold to the first customer on March 31, 2005. Dkt. #19, pp. 12-13. Plaintiff filed his complaint on November 28, 2020, approximately 15 years and 8 months after the date of manufacture. The statute of repose is not subject to any exception for mental illness. Wis. Stat. § 893.16(5) (providing that § 893.16 applies only to statutes of limitations in Wis. Stat. Ch. 893). Therefore, it is too late for plaintiff to recover any damages from Ford resulting from his accident in 2011.

Finally, on September 15, 2021, plaintiff submitted a letter to the court regarding a missing exhibit page. Dkt. #24. I have read the motion and the missing exhibit page and find nothing in them that requires further discussion. As for plaintiff's motion for court-appointed counsel, plaintiff has shown no need for counsel because he is barred from proceeding in this action after waiting too long to file his lawsuit.

ORDER

IT IS ORDERED that:

1. Defendant Ford Motor Company's motion to dismiss this case, as amended, dkts. ## 15, 19, is GRANTED on the ground that plaintiff did not bring his claim until after the time for filing such a claim had run.

2. Plaintiff's motion for the appointment of counsel, dkt. 21, is DENIED as unnecessary.

3. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 6th day of October, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge